ORDERED.

Dated: May 13, 2021

_____
Roberta A. Colton
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  

Jeffry Lee Martin
Stacy Raske Martin

      Debtor(s).
_____/

Case No.: 8:20-bk-07408-RCT
Chapter 7

AGREED ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(37 Mustard Lane, Lake Lynn, Pennsylvania 15451)

THIS CASE came on for consideration of Chapter 7 Trustee, Richard M. Dauval's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs* (the "Motion") (Dkt. No. 32) and Creditor PNC Mortgage's ("PNC Mortgage") *Response to Trustee's Motion to Sell* (Dkt. No. 34). By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.     The notice of the Motion is approved as proper and adequate under the circumstances.

2.     The Motion is GRANTED and the sale to Joshua S. Judy and Jeylan C. Judy, their assigns, or ultimate purchaser ("Buyer(s)"), is approved as the highest and best offer.

3.     The Trustee is authorized to sell the real property located at 37 Mustard Lane, Lake Lynn, Pennsylvania 15451, and more specifically known as:

All that certain lot of land situate in Springhill Township, Fayette County, Pennsylvania, being Lot No. 3 in the Yanowsky Plan of Lots, which plan is recorded in the Recorder's Office of said Fayette County in Plan Book Volume 53 at page 62, said Lot No. 3 being more particularly bounded and described as follows:

Beginning at an iron pin in Township Road 468 at the corner of Lot No. 2 in the aforesaid Yanowsky Plan of Lots; thence along said Township Road 468, South 38° 25' 48" West, 472.63 feet to an iron pin, corner of line of land now or formerly of Pounds; thence along line of land now or formerly of said Pounds and land now or formerly of Knight, North 60° 51' 00" West, 1309.05 feet to an iron pin, corner of line of land now or formerly of Fay-Penn Economic Development; thence along same, North 30° 29' 00" East, 255.75 feet to an iron pin; thence still along same, North 22° 44' 00" East, 59.88 feet to an iron pin on the dividing line between Lots Nos. 2 and 3 in the aforesaid Yanowsky Plan of Lots; thence along said dividing line, South 67° 04' 41" East, 1394.24 feet to an iron pin at the place of beginning and containing an area of 12 acres.

Subject to the same exceptions and reservations as contained in a deed from Frank Lyons Snider, et al., to Warren Brewer, et ux., dated February 24, 1947, and recorded in the Recorder's Office of said Fayette County in Deed Book Volume 633 at Page 495.

EXCEPTING AND RESERVING, thereout and therefrom, all of the 9 foot vein of coal together with mining rights and privileges as set forth in deed from Frank Lyons Snider, et al., to Warren Brewer, et ux., dated February 24, 1947, and recorded in the Recorder's Office of said Fayette County in Deed Book Volume 633 at Page 495.

EXCEPTING AND RESERVING, thereout and therefrom, all of the oil and gas, together with right and privileges as set forth in deed from Frank Lyons Snider, et al., to Warren Brewer, et ux., dated February 24, 1947, and recorded in the Recorder's Office of said Fayette County in Deed Book Volume 633 at Page 495.

Being the same premises conveyed to Jeffry L. Martin and Stacy R. Martin, his wife, by deed of Robert E. Cummings and Christine D. Cummings, his wife, dated August 1, 2008, recorded in Fayette County Record Book 3068, Page 1846.

(the "Real Property"),

to Buyer(s) for the gross sale price $ 173,500.00, subject to the approval of PNC Mortgage, as payment in full, as specifically identified and described in the Motion.

4. The Trustee is authorized to pay, as further authorized in paragraph 6 below, the following undisputed lien(s) or claim(s) at closing of the sale:

      a. PNC Mortgage, mortgagee

5. The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments for the benefit of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

    Total Sales/Brokers Commission:
    6% of base sale price to eXp Realty, LLC                $ 9,900.00*
*this commission is intended to be shared with a cooperating agent / negotiator.
    Title Charges:                                                                   $ 650.00
    Government recording / transfer charges:                 $ 1,650.00
    Satisfaction of Liens:
        PNC Mortgage                                                    $ 152,547.89

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard.

7. Except as otherwise provided in the Motion, the Real Property shall be sold,

transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8. No term contained in this order shall compel lienholders of the Real Property to accept payment of less than the full balance owed as of the date of closing in consideration of release of its lien.

9. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

10. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

11. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.